IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**NIKIAL LAVONTE HARTZOG**                                    **PLAINTIFF**

**VERSUS**                    **CIVIL ACTION NO. 5:25-CV-00021-DCB-BWR**

**DAPHNE SMITH, et al.**                                    **DEFENDANTS**

### ROBERT MCDONALD'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Robert McDonald (hereafter "Chaplain McDonald"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits his Memorandum of Authorities in Support of Motion for Summary Judgment as follows:

### INTRODUCTION

This matter arises out of Plaintiff's confinement in the Jefferson County Correctional Facility in Fayette, Mississippi. *See Compl.*, CF/ECF Doc. No. 1, generally. Plaintiff, an inmate in the custody of the Mississippi Department of Corrections (MDOC), brings the instant suit pursuant to 42 U.S.C. § 1983. *Id*. Specifically, he alleges Chaplain McDonald violated his right to free exercise of religion under the First Amendment. *Id*.

### FACTUAL BACKGROUND

According to Plaintiff's Complaint, the Eid Adha, a traditional Muslim holiday, occurred on or around June 16, 2024. *Id*. at ¶ 8. However, Plaintiff alleges the Muslim inmates at Jefferson County Correctional Facility, including himself, did not observe the holiday because, in part, Chaplain McDonald, the facility chaplain, failed to comply with MDOC's policy regarding religious programing and chaplaincy services. *Id*. at ¶ 10 at 12.

On September 5, 2025, Plaintiff was afforded an Omnibus Hearing where the Court screened his claims. Plaintiff was sworn in and while under oath provided testimony to clarify the claims of this action. Plaintiff testified his claim against Chaplain McDonald is solely based on his failure to follow MDOC policy. *See Omnibus Hearing Transcript*, 34:15-17, attached to the corresponding Motion as Exhibit "A." Plaintiff also testified that his claim against Chaplain McDonald is not for not receiving his feast; rather, they are "[c]oncerning religious matters and stuff like that[.]" *Id*. at 34:17-20. Furthermore, Plaintiff clarified that he was not seeking monetary relief but instead sought "a court order, probably to the warden and to the chaplain, to further protect our religion, don't let the inmates of the staff exploit it." *Id*. at 25:23-27:12.

As outlined *infra*, Plaintiff cannot sustain his burden to maintain this action against Chaplain McDonald, and he is entitled to dismissal of this cause.

## **LEGAL STANDARD**

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The United States Supreme Court has explained that the language of Fed. R. Civ. P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant

2

"bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact...." *Harris v. Mississippi Valley State Univ.*, 899 F. Supp. 1561 (N.D. Miss. 1995) (citing *Celotex,* 477 U.S. at 324).

Once a properly supported Motion for Summary Judgment is presented, the nonmoving party must rebut it with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). The non-moving party cannot rely on mere denial of material facts or unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda; rather, the non-movant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg 7 Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

### STATEMENT OF CLAIMS

Plaintiff asserts a single claim against Chaplain McDonald—that he suffered violations of his right to free exercise of religion under the First Amendment. *See Compl., CF/ECF Dops. No.* 1, generally.

### LEGAL ARGUMENT

#### I. MOOTNESS

Plaintiff's claim against Chaplain McDonald is moot because he is no longer confined to the Jefferson County Correctional Facility. *See OHT*, 9:5-8. It is well-settled

3

that claims by an incarcerated person seeking equitable relief are moot where an inmate is removed from the facility. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2017) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991)); *see also Fluker v. King*, 679 F. App'x 325, 328 (5th Cir. 2017) (finding that district court properly concluded that inmate's transfer to a different correctional facility rendered his claims for injunctive relief under Section 1983 and RLUIPA moot). Additionally, the "the possibility of transfer back to [Jefferson County Correctional Facility] is too speculative to warrant relief." *Id.* (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987)).

Here, as previously mentioned, Plaintiff is not seeking monetary damages but instead desires "a court order… to further protect our religion, don't let the inmates of the staff exploit it." *OHT*, 25:23-27:12. However, Plaintiff admits he is no longer confined to the Jefferson County Correctional Facility and does not anticipate returning; instead, he is incarcerated in George County. *Id.* at 9:3-15. Furthermore, he has admitted he no longer interacts with Chaplain McDonald or any other defendant in this matter. *Id.* at 9:24-10:1. Thus, this action is moot as to Chaplain McDonald, and he must be dismissed with prejudice.

## II.     QUALIFIED IMMUNITY

Even if the Court were to find that Plaintiff's claim is not moot, the same must still be dismissed because Chaplain McDonald is entitled to qualified immunity. As the Court well-knows, prison officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001).

A law enforcement officer is entitled to the cloak of qualified immunity unless it is shown that "he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that "order of battle" outlined in *Saucier* is not mandatory in every instance). However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

Here, Plaintiff's claim against Chaplain McDonald is solely based on "religious matters." *OHT*, 34:17-20. That is, he alleges violations of his right to free exercise of religion under the First Amendment. The constitutional protections of free exercise require the government to refrain from interfering with the religious beliefs and practices of individuals. *See Foster v. Dir.*, No. 6:18CV81, 2020 WL 5536013, at *16 (E.D. Tex. Aug. 11, 2020), *report and recommendation adopted sub nom. Foster v. Dir.*, TDCJ-CID, No.

5

6:18CV81, 2020 WL 5534519 (E.D. Tex. Sept. 14, 2020). Prisoners retain their First Amendment right to exercise religion, although "this right is subject to reasonable restrictions and limitations necessitated by penological goals." *Id.*; *see also Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1999). Critically, the Fifth Circuit has held the mere failure of a prison official to adhere to internal policies and procedures, including policies relation to religious programing and inmate religious affairs, does not give rise to a constitutional violation. *See Richardson v. Thornton*, 299 Fed.Appx. 461, 462–63 (5th Cir.2008) ("The failure of the prison to follow its own policies ... is not sufficient to make out a civil rights claim."); *see also Sandoval v. Fox*, 135 Fed.Appx. 691, 691–92 (5th Cir. 2005) ("The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation.").

Here, Plaintiff alleges Chaplain McDonald violated his rights solely because he failed to follow MDOC's policy regarding "Religious Programs and Chaplaincy Services." *OHT*, 34:7-8, 15-17, 35:10-14. However, as this Court knows, the violation of a municipal policy "is not the same as a violation of the Constitution." *Harris v. Payne*, 254 F. App'x 410, 416–17 (5th Cir. 2007). Plaintiff fails to show actionable conduct by Chaplain McDonald and he must be dismissed from this action with prejudice.

In addition, even could Plaintiff demonstrate a constitutional violation, he has failed to provide record evidence Chaplin McDonald violated a clearly established right. There is no evidence that it would be clear to a reasonable officer that Chaplin McDonald's conduct was unlawful in the situation he confronted. *See OHT*, generally. His qualified immunity remains intact and requires this matter be dismissed.

## CONCLUSION

For the reasons stated hereinabove, as well as in the corresponding Motion for Summary Judgment, Chaplain McDonald respectfully moves that this Court grant him a favorable summary judgment, dismissing Plaintiff's claim with prejudice, and granting all other such relief that this Court would find appropriate.

**DATE:**     **November 18, 2025**

                                        Respectfully submitted,

                                        **ROBERT MCDONALD**

                                        BY:    */s/ William D. Boyd*
                                                        One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Pkwy, Suite 1400
Ridgeland, MS 39157
Tel. 601-948-5711
will.allen@butlersnow.com
will.boyd@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, the undersigned of Butler Snow LLP, one of the attorneys for Defendant, Robert McDonald, hereby certify that I have filed the foregoing Memorandum of Authorities in Support of Motion for Summary Judgment with the Clerk of Court via the ECF System and that I have this day mailed, postage prepaid, a true and correct copy to the following non-ECF participant:

> Nikial Lavonte Hartzog,
> # 183883
> George County Jail 4506 Marlena St.
> Unit 17
> Bossier City, LA 71111
> *Pro Se Plaintiff*

This 18th day of November 2025.

> */s/ William D. Boyd*
> OF COUNSEL

98394613.v1