IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NIKIL LAVONTE HARTZOG

V.                                  CIVIL ACTION NO. 5:25-CV-21-DCB-BWR

DAPHNE SMITH, et al.

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on Magistrate Judge Brad Rath's Report and Recommendation ("Report") [ECF No. 43] addressing Defendant Robert McDonald's Motion for Summary Judgment [ECF No. 35], filed November 18, 2025, and Daphne Smith's Motion for Summary Judgment [ECF No. 37], filed November 21, 2025. Plaintiff Nikil Lavonte Hartzog ("Plaintiff") filed a Response [ECF No. 39] on January 14, 2026. For the reasons that follow, the Court agrees with Judge Rath's recommendation that both motions be granted in part and denied in part. The Court further concurs that Plaintiff's claims against both Defendants should be dismissed without prejudice as moot.

The Report was entered on May 18, 2026, with objections due by June 1, 2026. Plaintiff Hartzog filed an Objection [ECF No. 45] to the Report on June 22, 2026. In the interest of fairness and thoroughness, the Court has considered the arguments raised in the <u>pro se</u> Plaintiff's Objection, even though it was filed after the deadline.

## I.    **Background**

Plaintiff initiated this action on February 26, 2025, alleging that Defendants engaged in "[r]eligious discrimination towards Islam." [ECF No. 1-1] at 2. Specifically, Plaintiff contends that the Eid Adha feast around June 16, 2024, was not provided to Islamic inmates. [ECF No. 1] at 2. In his complaint, Plaintiff requests that his "faith be protected from both inmates and staff," seeks an order ensuring the feast is "done in a proper fashion" in the future, and requests that Defendants Smith and McDonald be terminated. Id. at 5. Plaintiff was housed at Jefferson County Correctional Facility ("JCCF") from February 2023 through June 2025 but is no longer incarcerated at that facility. [ECF No. 34] at 9.

Judge Rath conducted an Omnibus Hearing on September 5, 2025, which served as a *Spears* Hearing. [ECF No. 33]. Thereafter, Defendant McDonald and Defendant Smith each filed Motions for Summary Judgment. [ECF Nos. 35, 37].

On May 18, 2026, Judge Rath entered a Report and Recommendation advising that this case be dismissed without prejudice as moot, and that both motions for summary judgment be granted in part and denied in part. [ECF No. 43]. Judge Rath's recommendation is based on the fact that Petitioner is no longer incarcerated at JCCF, such that no live controversy remains. Because the claims are moot, Judge Rath recommends that the motions

for summary judgment be granted with respect to all claims, but that dismissal be without prejudice, rather than with prejudice as Defendants request.

On June 22, 2026, Plaintiff filed an objection, arguing that his transfer from JCCF was retaliatory and that Defendants seek dismissal solely because he is no longer housed there. [ECF No. 45] at 1.

On July 1, 2026, Defendant McDonald filed a reply, contending that: (1) Plaintiff's objections are untimely; (2) Plaintiff fails to identify any error in the Report and Recommendation; and (3) the record demonstrates that Plaintiff's claims are moot. [ECF No. 46] at 2.

## II.  <u>Standard of Review</u>

Where a petitioner has submitted a timely written objection to a Magistrate Judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); <u>Walker v. Savers</u>, 583 F. App'x 474, 474-75 (5th Cir. 2014). In conducting a *de novo* review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the Magistrate." <u>United States v. Wilson</u>, 864 F.2d 1219, 1222 (5th Cir. 1989). However, the Court is

3

not "required to reiterate the findings and conclusions of the Magistrate Judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law standard of review." Wilson, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." Gooding v. Colvin, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a de novo review is unwarranted." Id. (citing Koetting, 995 F.2d at 40). "Instead, the report and recommendation is reviewed by the district judge for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005)); see also Hernandez v. Livingston, 495 F. App'x 414, 416 (5th Cir. 2012); Jackson v. Berryhill, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018); Robertson v. Berryhill, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018).

## III. **Analysis**

4

In reviewing the arguments de novo, the Court agrees with Judge Rath that it is well-settled that "[a] [prisoner's] claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility." Smith v. City of Tupelo, 281 F. App'x 278, 282 (5th Cir. 2008); see also O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects."). Because Plaintiff is no longer incarcerated at JCCF, there is no ongoing case or controversy as required by Article III.

Plaintiff's objection, filed June 22, 2026, argues that his transfer from JCCF was retaliatory. However, he provides no evidence or specific factual allegations to support this assertion, nor does he challenge the legal basis for the finding of mootness. As Defendant McDonald notes in his reply, Plaintiff's objections are untimely, fail to identify any error in the Report and Recommendation, and do not alter the conclusion that Plaintiff's claims are now moot.

Additionally, Judge Rath is correct in concluding that, because dismissal is predicated solely on a lack of subject matter jurisdiction, the case must be dismissed without prejudice as moot. In accordance with Judge Rath's recommendation, the Court also

5

declines to reach the merits of Plaintiff's claims in light of the jurisdictional defect. The Court has considered all arguments presented by Judge Rath, Plaintiff, and Defendants, as well as all motions, responses, and replies. Any argument or issue not expressly addressed herein has been considered and does not alter the Court's analysis or conclusions.

After careful consideration, the Court finds no basis to depart from Judge Rath's well-reasoned recommendation. Because Plaintiff is no longer subject to the conditions he challenges and there is no ongoing injury, his claims for relief must be dismissed as moot.

IV.  CONCLUSION

Upon careful review of Plaintiff's Objections [ECF No. 45], Judge Rath's Report [ECF No. 43], the record, and relevant legal authorities, the Court finds that Plaintiff's Objections should be overruled. The Court adopts the Magistrate Judge's Report, and Defendants' Motions for Summary Judgment [ECF Nos. 35, 37] are granted in part and denied in part. Plaintiff's claims against both Defendants are dismissed without prejudice as moot.

Accordingly, after conducting a de novo review of the facts before the Court, IT IS HEREBY ORDERED that

(1) Judge Rath's Report is ADOPTED as the findings and conclusions of this Court.

(2)    IT IS FURTHER ORDERED that Defendant McDonald's Motion for Summary Judgment [ECF No. 35] is GRANTED in part and DENIED in part.

(3)    IT IS FURTHER ORDERED that Defendant Smith's Motion for Summary Judgment [ECF No. 37] is GRANTED in part and DENIED in part.

(4)    IT IS FURTHER ORDERED that all of Plaintiff Hartzog's claims against Defendant Smith and Defendant McDonald are DISMISSED WITHOUT PREJUDICE as moot.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 14 day of July, 2026.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE

7